UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE RADAU,

                Plaintiff,        Civil Action No. 20-cv-10030
                                            Honorable Matthew F. Leitman
v.                                           Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (12, 13)**

Plaintiff David Lee Radau ("Radau") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties filed summary judgment motions (ECF Nos. 12, 13), and the Commissioner filed a response (ECF No. 14). The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Radau is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**ECF No. 13**) be **GRANTED**, Radau's Motion for Summary Judgment (**ECF No. 12**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

**II.     REPORT**

    **A.     Background**

Radau was 58 years old at the time of his alleged onset date of March 17, 2015, and at 6'2" tall weighed approximately 255 pounds during the relevant time. (Tr. 183-87). He completed high school in 1975. (Tr. 188). He previously worked as a dishwasher, stock clerk, material handler, grocery supervisor, sales associate and sorter. (Tr. 188.) Radau's alleged disabling conditions include: "degenerative disc disease of the lumbar spine with radiculopathy; degenerative joint disease, bilateral hips; osteoarthritis, bilateral knees; venous stasis; and obesity." (Tr. 17).

Radau applied for benefits on January 31, 2017, but that application was initially denied. (Tr. 80). Eventually, an administrative hearing was held on August 8, 2018, before ALJ Dennis M. Matulewicz. (Tr. 35-63). Radau, who was represented by attorney Angelina Ulisse, testified at the hearing, as did Vocational Expert Larissa Boase ("VE"). (*Id.*). On October 9, 2018, the ALJ issued a written decision finding Radau not disabled under the Act. (Tr. 12-30). On November 6, 2019, the Appeals Council denied review. (Tr. 1-6). Radau timely filed for judicial review of the final decision on January 6, 2020. (ECF No. 1.)

The Court has thoroughly reviewed the transcript, including Radau's medical record, Function and Disability Reports, and testimony as to his conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

    **B.     The ALJ's application of the disability framework analysis**

Under the Act, disability benefits are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of the following five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Radau was not disabled under the Act. (Tr. 29). At Step One, the ALJ found that Radau had not engaged in substantial

3

gainful activity since January 31, 2017. (Tr. 17). At Step Two, the ALJ found that Radau had the following severe impairments: "degenerative disc disease, of the lumbar spine with radiculopathy; degenerative joint disease, bilateral hips; osteoarthritis, bilateral knees; venous stasis; and obesity." (Tr. 17). At Step Three, the ALJ found that Radau's impairments, whether considered alone or in combination, did not meet or medically equal a listed impairment. (Tr. 20).

The ALJ then assessed Radau's residual functional capacity concluding that he was capable of performing medium work, with the following additional limitations: "he should never use a ladder, scaffolds, or ropes; only occasionally use ramps or stairs, stoop, crouch, kneel, crawl, or balance; and never work with hazards including dangerous/unprotected machinery or work at unprotected heights." (Tr. 21).

At Step Four, the ALJ found that Radau was not capable of performing his past relevant work. (Tr. 28). At Step Five, the ALJ determined, that he could perform a significant number of jobs in the national economy. (Tr. 28). ALJ Matulewicz found, based in part on testimony provided by the Vocational Expert in response to a hypothetical question, that Radau could perform the medium exertion level jobs of box bender (60,000 jobs nationally) and furniture cleaner (70,000 jobs). (Tr. 29). As a result, the ALJ concluded that Radau was not disabled under the Act. (Tr. 29).

### C. Standard of review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th

Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

**D.     Analysis**

Radau argues that the ALJ committed error requiring remand or reversal when he found that Radau's residual functional capacity included a full range of medium work, yet simultaneously adopted Radau's treating physician's opinion that Radau could only occasionally lift 21-50

pounds. (ECF No. 12, PageID.970.) The Commissioner concedes that the ALJ made this error, but argues that it is harmless since the VE testified to other jobs a hypothetical plaintiff with Radau's RFC could perform at the light and sedentary work levels. (ECF No. 13, PageID.983.) Specifically, the VE testified that the hypothetical claimant described by the VE could also perform the light and sedentary exertion level jobs of scrap sorter (200,000 jobs nationally), counter clerk (240,000 jobs nationally), addressing clerk (100,000 jobs nationally) and finisher (50,000 jobs nationally). (Tr. 61).

As stated above, the Commissioner's finding that a claimant can perform work that exists in significant numbers in the national economy must be supported by substantial evidence. *Vandenboss v. Comm'r of Soc. Sec.*, No. 14-12283-DT, 2015 WL 3823558, at *3 (E.D. Mich. June 18, 2015) (internal citations omitted); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001). "This 'substantial evidence' may be in the form of [VE] testimony in response to a hypothetical question, but only 'if the question accurately portrays [the claimant's] individual . . . impairments.'" *Id*. In other words, "[t]he ALJ is not required to question a [VE] on this issue," but "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed for the Commissioner to meet his burden. *Johnson v. Comm'r Soc. Sec.*, No. 15-cv-449, 2016 WL 2342892, at *3 (W.D. Mich. Apr. 15, 2016) (quoting *O'Banner v. Sec'y of Health & Human Servs.*, 587 F.2d 321, 323 (6th Cir. 1978)). Because this standard "requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy[,] . . . ALJs routinely question [VEs] in an attempt to determine whether there exist a significant number of jobs that a particular claimant can perform, his limitations notwithstanding." *Id*. (citations omitted).

6

An ALJ must present an assessment of what the claimant "can and cannot do" in his questions to the VE. *Webb v. Comm'r Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). "[T]he ALJ is required to incorporate only those limitations that he accepts as credible." *Phillips v. Comm'r of Soc. Sec.*, No. 13-cv-02590, 2014 WL 4302503, at *21 (N.D. Ohio Aug. 28, 2014) (citing *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x. 425, 429 (6th Cir. 2007)). "However, where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence." *Id.* (internal citations omitted). On the other hand, such a failure is harmless "if remanding the matter to the agency 'would be an idle formality' because 'there is [no] reason to believe that [it] might lead to a different result.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 (6th Cir. 2011) (quoting *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004)).

In this case, the ALJ's RFC stated that Radau could work at the "medium" exertion level. (Tr. 21). In coming to this conclusion, the ALJ stated that he adopted the lifting and carrying restrictions of Radau's treating physician, Dr. David Saxon, M.D. (Tr.27). However, Dr. Saxon's lifting and carrying restrictions indicated that Radau could *continuously* lift or carry 1-10 pounds, *frequently* lift or carry 11-20 pounds, *occasionally* lift or carry 21-50 pounds, and *never* lift or carry 51-100 pounds. (Tr. 694) (emphasis added). In contrast, work at the "medium" exertion level requires "lifting no more than 50 pounds at a time with *frequent lifting or carrying of objects weighing up to 25 pounds*." 20 C.F.R.§ 416.967(c). The error is that the ALJ adopted Dr. Saxon's opinion that Radau could lift and carry 21-25 pounds *occasionally*, while at the same time stating he could perform "medium" work that calls for the individual to do that level of lifting or carrying *frequently*. (Tr. 27). Given the internal inconsistency between "medium" work and Dr. Saxon's limitations, Radau argues that the ALJ's decision is flawed and that this matter should be remanded

7

or outright reversed. (ECF No. 12, PageID.970.) As stated above, the Commissioner concedes that the ALJ erred, but argues that the error was harmless. (ECF No. 13, PageID.983.) The Court agrees with the Commissioner.

Even if the ALJ had limited Radau to "light" work (or even "sedentary" work) rather than "medium" work, the record is clear that the ALJ still would have found, based on the VE's hearing testimony, that Radau could perform a significant number of jobs in the national economy. (Tr. 60-61). At the hearing, the ALJ first asked the VE about a hypothetical person with Radau's limitations who could perform medium work. (TR. 60). As stated above, the VE stated that such a person could perform the jobs of box bender (60,000 jobs nationally) and furniture cleaner (70,000 jobs). (Tr. 29). However, that was not the end of the ALJ's hypothetical questions to the VE. The ALJ went on to ask the VE about a hypothetical person with Radau's limitations who could perform "light" work. (Tr. 61). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Thus, Dr. Saxon's finding (which the ALJ adopted) that Radau could continuously lift or carry 1-10 pounds, and frequently lift or carry 11-20 pounds (Tr. 694), necessarily means Radau could perform the lifting and carrying required for light work. The VE testified that a person with Radau's RFC, but limited to "light" work, could perform the jobs of scrap sorter (200,000 jobs nationally) and counter clerk (240,000 jobs nationally). (Tr. 61).[1] In sum, it is clear that even if Radau were limited to light work, the ALJ would have determined him to be not

---

[1] The ALJ also asked the VE about a hypothetical person with Radau's limitations who could perform "sedentary" work. (*See id*.) Sedentary work only requires lifting a maximum of 10 pounds and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 416.967(a). Again, Dr. Saxon's lifting and carrying restrictions would not prevent Radau from performing sedentary work. (Tr. 694). The VE testified that such a person could perform the jobs of addressing clerk (100,000 jobs nationally) and finisher (50,0000 jobs nationally). (Tr. 61).

disabled, and that determination would be supported by substantial record evidence, including Dr. Saxon's opinion and the VE's testimony.

Radau's argument in his reply brief, that "his ability to perform sedentary and light work is irrelevant to the analysis," misses the mark. (ECF No. 14, PageID.993.) Indeed, that is the central question on the harmless error issue, and in answering it, the Court "may look to any evidence in the record, regardless of whether it has been cited by the ALJ." *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir.) (citation omitted). Again, the ALJ's thorough written decision makes clear that had he limited Radau to light (or sedentary) work rather than medium work, Radau still would have been found not disabled because the VE identified a substantial number of jobs in the national economy for a person with Radau's RFC at those exertional levels. *See Stacey, supra*. Accordingly, substantial evidence supports the ALJ's holding that Radau is not disabled.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**ECF No. 13**) be **GRANTED**, Radau's Motion for Summary Judgment (**ECF No. 12)** be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: September 1, 2020  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2020.

                                                                         s/Eddrey O. Butts
                                                                         EDDREY O. BUTTS
                                                                         Case Manager