UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE RADAU,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 20-cv-10030
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION (ECF No. 16) TO REPORT AND RECOMMENDATION (ECF No. 15); (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12); AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13)**

In this action, Plaintiff David Lee Radau challenges the denial of his application for Supplemental Security Income under the Social Security Act. (*See* Compl., ECF No. 1.) Both Radau and Defendant Commissioner of Social Security filed motions for summary judgment (*see* Mots., ECF Nos. 12, 13), and the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court deny Radau's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 15). Radau filed a timely objection to the R&R (the "Objection") (*see* Objection, ECF No. 16), and the Court held a hearing on the Objection on January 28, 2021. For the reasons stated below, the Objection is

1

**OVERRULED**. The Court will therefore **GRANT** the Commissioner's motion for summary judgment and **DENY** Radau's motion.

# I

## A

On July 31, 2017, Radau applied for Supplemental Security Income under the Social Security Act. (*See* ECF No. 7, PageID.106-107.) Radau claimed that he was entitled to benefits because he suffered from disabling "right hip, right leg, lower back, [] left arm[, and] bilateral knee pain." (*Id.*, PageID.108.) The Social Security Administration denied Radau's application on May 3, 2017. (*See id.*, PageID.108-111.)

Radau then sought a hearing on his application before an Administrative Law Judge (the "ALJ"). At that hearing, Radau submitted an opinion from his treating physician, Dr. David Saxon, concerning, among other things, the amounts that Radau could lift and carry. (*See id.*, PageID.722-727.) Dr. Saxon opined that Radau could continuously lift and carry up to 10 pounds, could frequently lift and carry 11 to 20 pounds, and could occasionally lift and carry 21 to 50 pounds. (*See id.*, PageID.722.)

The ALJ issued a written decision denying Radau's application on October 9, 2018. (*See id.*, PageID.43-58.) In that decision, the ALJ adopted Dr. Saxon's opinion regarding Radau's capacity for lifting and carrying. (*See id.*, PageID.55.)

But the ALJ then adopted a residual functional capacity ("RFC") for Radau that was inconsistent with the opinion of Dr. Saxon that he had adopted. More specifically, the ALJ found that Radau had the RFC to perform "medium work." (*Id.*, PageID.49.) Medium work requires, among other things, the "*frequent* lifting or carrying of objects weighing *up to 25 pounds*." 20 C.F.R. § 416.967(c) (emphasis added). That conflicts with Dr. Saxon's opinion that Radau could only *occasionally* lift and carry 21 to 50 pounds. Simply put, the ALJ adopted an RFC that reflected that Radau could carry more weight, on a more frequent basis, than Dr. Saxon stated in his opinion.

After adopting the medium-work RFC, the ALJ noted that a vocational expert ("VE") had testified at the hearing that there were a significant number of medium work jobs (consistent with the ALJ's RFC determination) available to Radau in the national economy. (*See* ECF No. 7, PageID.56-57.) Based on that testimony, the ALJ concluded that Radau was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and was therefore "not disabled." (*Id.*, PageID.57.)

Radau thereafter appealed the ALJ's ruling to the Appeals Council, and that council denied review. (*See id.*, PageID.29-33.)

3

**B**

On January 6, 2020, Radau timely filed this action seeking judicial review of the administrative decision denying his application for benefits. (*See* Compl., ECF No. 1.) Radau and the Commissioner then filed cross-motions for summary judgment. (*See* Radau Mot., ECF No. 12; Comm'r Mot., ECF No. 13.) Radau asserted in his motion that the ALJ erred when he (1) adopted Dr. Saxon's medical that he could only occasionally lift and carry 21 to 50 pounds while also (2) adopting a medium-work RFC that provided that he could frequently lift up to 25 pounds. (*See* Radau Mot., ECF No. 12, PageID.976-979.) Radau did not challenge any other portion of the RFC.

The Commissioner countered that even if the ALJ erred when he adopted an RFC that was inconsistent with Dr. Saxon's opinion, that error was harmless. (*See* Comm'r Mot., ECF No. 13, PageID.985-991.) The Commissioner's harmless-error argument rested upon the VE's testimony. As noted above, the VE testified that jobs were available to Radau at the medium work level. But the VE also testified that jobs were available to him at the light and sedentary level. (*See* ECF No. 7, PageID.86-89.) The Commissioner argued that Radau *could* perform the sedentary and light work jobs identified by the VE because the lifting and carrying involved in those jobs was consistent with Dr. Saxon's limitations. (*See* Comm'r Mot., ECF No. 13, PageID.990.) The Commissioner contended that because the record contained

clear evidence of suitable light and sedentary jobs available to Radau, the ALJ's failure to accurately incorporate Dr. Saxon's lifting and carrying restrictions into Radau's RFC was "irrelevant." (*Id.*)

The assigned Magistrate Judge issued a report and recommendation on the parties' cross-motions on September 1, 2020. (*See* R&R, ECF No. 15.) The Magistrate concluded that even though the "ALJ erred" when he formulated Radau's RFC, that error "was harmless." (*Id.*, PageID.1004.) The Magistrate explained that "[e]ven if the ALJ had limited Radau to 'light' work (or even 'sedentary' work) rather than 'medium' work, the record is clear that the ALJ still would have found, based on the [VE's] hearing testimony, that Radau could perform a significant number of jobs in the national economy." (*Id.*) The Magistrate therefore recommended that the Court deny Radau's motion and grant the Commissioner's motion. (*See id.*, PageID.1005.)

## C

Radau has now filed a timely objection to the R&R. (*See* Objection, ECF No. 16.) Radau argues that as a matter of law, the ALJ's erroneous RFC determination cannot be deemed harmless. Radau rests his argument on a federal regulation: 20 C.F.R. § 404.1568(d)(4). That regulation provides that:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to

>other skilled or semiskilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s).

20 C.F.R. § 404.1568(d)(4). Radau argues that a person covered by this regulation – *i.e.*, a person over the age of 55 who has a severe impairment that limits him to light or sedentary work – must be deemed disabled unless the person has skills that can be transferred to other *skilled or semiskilled work*. (*See* Objection, ECF No. 16, PageID.1010-11.) He then offers the following argument as to how this regulation precludes the Court from excusing the ALJ's error as harmless on the ground that he (Radau) could perform light or sedentary work:

>Therefore, if the ALJ had properly found that Mr. Radau could only perform work at the light or sedentary exertion level, Mr. Radau would have been entitled to disability benefits unless there was specific finding that Mr. Radau has skills he could transfer to other skilled or semiskilled work that he could have done despite his impairments. However, the Vocational Expert only reported jobs that Mr. Radau could perform unskilled work level. All of the jobs that the Vocational Expert reported that Mr. Radau could perform were SVP levels 1 or 2: unskilled. (ECF No. 7, PageID.88 – PageID.89). See definition of Specific Vocational Preparation (SVP) at 20 CF. 656.3, 20 CFR Appendix 2 to Subpart P of Part 404 - Medical-Vocational Guidelines, attached as Exhibit 1 (see highlighted sections on pages 5 and 7) and SSR 00-4p (see highlighted section, page 4), attached as Exhibit 2 – establishing that SVPs 1 and 2 are **unskilled**. Since the vocational expert testified that Mr. Radau could only perform unskilled work at the light and sedentary exertion levels, given Mr. Radau's education (high school graduate, some college work - (ECF No. 7, PageID.81 – PageID.82), his advanced age (ECF No. 7, PageID.70), his past relevant work history

6

>     (ECF No. 7, PageID.85), Mr. Radau is entitled to a finding
> of disabled.

(*Id.*; emphasis in original.)

Radau has not persuaded the Court that 20 C.F.R. § 404.1568(d)(4) applies to him. The text of the regulation states that it covers only those claimants who are "limit[ed] to sedentary or light work." 20 C.F.R. § 404.1568(d)(4). Radau has not shown that he is so limited. Indeed, Dr. Saxon's opinion indicates that Radau is not restricted to the lifting and carrying limitations in the light and sedentary work categories:

|  | **SEDENTARY WORK LIMITATIONS** | **LIGHT WORK LIMITATIONS** | **RADAU LIMITATIONS AS DESCRIBED BY DR. SAXON** |
|---|---|---|---|
| **MAXIMUM WEIGHT** | • No more than 10 pounds. 20 C.F.R. § 416.967(a). | • No more than 20 pounds. 20 C.F.R. § 416.967(b). | • No more than 50 pounds. (ECF No. 7, PageID.722.) |
| **FREQUENCY** | • "Occasional[] lifting or carrying" of small objects like "docket files, ledgers, and small tools." *Id.* | • "Frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* | • "Continuous[]" lifting or carrying of objects weighing up to 10 pounds.<br><br>• "Frequent[]" lifting or carrying of objects weighing between 11-20 pounds. (*Id.*)<br><br>• "Occasional[]" lifting or carrying of objects weighing between 21-50 pounds. (*Id.*) |

As the chart above demonstrates, in Dr. Saxon's opinion, Radau can lift and carry more weight, with more frequency, than the limitations described in the light and sedentary work categories. Under Dr. Saxon's view, Radau's capacity falls somewhere in between "light work" and "medium work." In fact, according to Dr. Saxon, Radau's lifting and carrying capacity is closer to medium work than to light work because Dr. Saxon says that Radau can perform all of the lifting and carrying requirements of medium work *except* for the frequent lifting or carrying of objects weighing between 20 to 25 pounds.

Radau has not cited any authority for the proposition that a claimant like him is "limit[ed] to sedentary or light work" – and thus covered by 20 C.F.R. § 404.1568 – where the claimant can perform almost all of the lifting and carrying involved in medium work. And the Commissioner has cited law that appears to support the contrary proposition. (*See* Commr's Resp. to Obj., ECF No. 17, PageID.1031, citing SSR 83-12, 1983 WL 31253 at \*2; *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 429 (6th Cir. 2015) (rejecting claimant's argument that "there is an either/or dichotomy between light work and sedentary work, and [that] because she could not perform a full range of light work, she must necessarily have only been able to do sedentary work"); and *Haynes v. Barnhart*, 416 F.3d 621, 628 (7th Cir. 2005) (rejecting argument that an ALJ should "shoehorn [a] claimant into the minimum full range of work that the claimant can perform")). For these reasons,

8

Radau has failed to persuade the Court that 20 C.F.R. § 404.1568(d)(4) applies to him and forecloses the harmless error finding urged by the Commissioner. And for the reasons explained by the Commissioner, the Court concludes that the error by the ALJ was harmless.

## II

For all of the reasons explained above, Radau's Objection to the R&R (ECF No. 16) is **OVERRULED**, and the Court adopts the recommended disposition of the R&R (ECF No. 15). The Commissioner's motion for summary judgment (ECF No. 13) is therefore **GRANTED**, and Radau's motion for summary judgment (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764